FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GILDARDO CABELLO-ALFARO,

      Defendant-Appellant.

No. 13-3041
(D.C. No. 5:11-CR-40045-JAR-6)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **EBEL**, and **HOLMES**, Circuit Judges.

Gildardo Cabello-Alfaro pled guilty to one count of unlawful use of a

communication facility to facilitate the distribution of methamphetamine.  He was

sentenced to forty-eight months' imprisonment, the statutory maximum for his crime.

Mr. Cabello-Alfaro's plea agreement contained a waiver of his right to appeal from

his conviction or sentence.  In spite of this waiver, Mr. Cabello-Alfaro filed a notice

---

[*]    This panel has determined that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of appeal seeking to challenge his sentence. The government has moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (per curiam).

When reviewing a motion to enforce, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. Mr. Cabello-Alfaro's counsel submitted a response in opposition to the government's motion, but she has not addressed the *Hahn* factors. Instead, she requests that we deny the motion because of Mr. Cabello-Alfaro's belief that his sentence is "excessive." Resp. at 2. Counsel admits, however, that the sentence was "below his guideline range and was significantly less than the original statutory mandatory minimum of 120 months that Mr. Cabello-Alfaro was originally charged with." *Id*. Counsel does not dispute that the appeal falls within the appellate waiver or that Mr. Cabello-Alfaro knowingly and voluntarily waived his right to appeal. Likewise, counsel does not contend that enforcing the appellate waiver would result in a miscarriage of justice.

Accordingly, we conclude that the *Hahn* factors support the government's position. We therefore grant the motion to enforce the appeal waiver and dismiss this appeal.

Entered for the Court
Per Curiam

- 2 -